**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GEORGE TRICKEL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LEICA CAMERA INC. | )   C.A. No.: |
| | ) |
| Defendant. | ) |

## COMPLAINT

### Introduction

Plaintiff, George Trickel brings this action to recover unpaid wages, including overtime wages, against Leica Camera, Inc. ("Defendant"). During the time-period discussed herein, Plaintiff did not qualify as an exempt employee under the Fair Labor Standards Act ("FLSA") or Mass. Gen L. c. 151§ 1A ("State Law") because he was not paid on a salary basis as required under the FLSA and State Law. Rather, because the Defendant engaged in a pattern and practice of deducting Plaintiff's salary for partial day absences the FLSA and State Law exemption is inapplicable and Plaintiff is therefore a non-exempt, hourly employee and entitled to overtime pay. Plaintiff was not paid overtime at a rate of time-and-a-half for hours worked over forty in a work week although he regularly worked more than forty hours in a work week. Plaintiff seeks damages including unpaid wages in an amount to be determined at trial, as well as other relief, for the conduct complained of herein.

**Jurisdiction and Venue**

1. This court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§ 207 and 216(b).

2. Defendant conducts business in this district and Plaintiff performed work for the Defendant in this district and is therefore subject to personal jurisdiction here.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred here.

4. This Court has jurisdiction over Counts II and III pursuant to 28 U.S.C. § 1367(a).

**Parties**

5. Plaintiff Trickel is a resident of Boston, Massachusetts. Plaintiff began employment in August 2016 and continues to be employed ("Relevant Time Period") by Defendant.

6. Defendant Leica Camera Inc. is a corporation doing business in Boston, Massachusetts.

7. Defendant has regularly transacted business in this district during the Relevant Time Period.

8. During the Relevant Time Period, Defendant is an employer and an enterprise engaged in commerce or in the production of goods for commerce as those terms are defined in the Fair Labor Standards Act, 29 U.S.C. § 203 (and administrative regulations interpreting the Act).

9. During the Relevant Time Period, Defendant is also an employer subject to the Massachusetts wage and hour laws (and administrative regulations interpreting those laws), included in this Complaint.

10. During the Relevant Time Period, Defendant was required to compensate Plaintiff in accordance with the requirements imposed on employers by Massachusetts law and the Fair Labor Standards Act, including overtime payments for hours worked over forty in a workweek.

### Factual Allegations

11. Plaintiff is employed by the Defendant as a general manager of the Boston store. Plaintiff is paid by Defendant an annual salary of $73,130 per week based on a forty-hour work week plus a monthly bonus.

12. Plaintiff is not exempt from the overtime laws under either federal or Massachusetts law because he was not consistently paid on a salary basis as required under the FLSA and Massachusetts overtime laws to qualify as exempt from overtime requirements.

13. Plaintiff is required to work a minimum of forty hours per week. In workweeks in which Plaintiff does not work forty hours and is absent for partial days his salary is reduced to the total number of hours worked in the work week.

14. From 2016 until July 2018, when Plaintiff worked less than forty hours in a week, the Defendant would either apply accrued PTO to the hours missed or deduct his weekly salary for the hours missed that work week.  Beginning in July 2018, Defendant revised its PTO policy to only permit employees to take PTO in eight (8) hours increments. When Plaintiff does not work forty hours in a workweek and is absent for only partial days, his weekly salary is either automatically reduced to reflect the number of hours that were missed or the Defendant deducts eight (8) hours of PTO regardless of the number of hours absent.

15. Plaintiff often works over forty hours a week and is not paid any additional compensation beyond the set weekly salary which assumes a forty-hour work week.

16. Throughout most of his employment, Plaintiff followed the Defendant's policy to record and submit his hours worked from home. Beginning in November 2018, Plaintiff was instructed that he was no longer permitted to record his hours worked from home.

17. As a result of the Defendant's failure to pay the Plaintiff on a salary basis, Plaintiff is not exempt from the overtime pay requirement under the FLSA and State Law and has been deprived of wages for overtime worked at a rate of one and a half times his hourly rate of pay for all hours worked over forty in a workweek.

18. Defendant is aware of the requirement to pay the Plaintiff on a salary basis in order to meet the overtime exemption under the FLSA and Massachusetts overtime statute.

19. Notwithstanding this knowledge, Defendant failed to pay Plaintiff on a salary basis and therefore he is entitled to overtime pay for overtime work hours.

### **Count I – Fair Labor Standards Act**

20. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-19 above.

21. By its conduct, as set forth herein, Defendant violated 29 U.S.C. §207 by failing to pay Plaintiff overtime compensation at time and one-half his regular hourly rate for hours worked in excess of forty hours during a workweek.

22. The Defendant's violations of 29 U.S.C. §207 is repeated, willful and intentional.

23. Plaintiff has been damaged by said violations of 29 U.S.C. §207.

24. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to Plaintiff for the full amount of his unpaid overtime compensation, plus an additional equal amount as liquidated damages, prejudgment interest, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

### Count II – Massachusetts Law Overtime Claim

25. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-24 above.

26. By its conduct as set forth herein, Defendant violated M.G.L. c. 151, §§ 1A and 1B, by failing to pay Plaintiff overtime compensation at time and one-half his regular hourly rate for all hours worked in excess of forty during any workweek.

27. Plaintiff has been damaged by said violations of M.G.L. c. 151, §§ 1A and 1B. Pursuant to M.G.L. c. 151, §§ 1A and 1B, Defendant is liable to the Plaintiff for treble damages, prejudgment interests, plus costs and reasonable attorneys' fees.

### Count III – Massachusetts Wage Act Claim

28. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1- 27 above.

29. Pursuant to M.G.L c. 149, §150, the Massachusetts Attorney General has assented in writing to the commencement of this action.

30. By their conduct set forth herein, the Defendant violated M.G.L. c. 149, §148 by failing to pay Plaintiff all earned wages.

31. Plaintiff has been damaged by said violation of M.G.L. c. 149, §148.

32. Pursuant to M.G.L. c. 149, §150 and §148, Defendant is liable for treble damages, prejudgment interest, plus costs and reasonable attorneys' fees.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

I. Determine the damages sustained by Plaintiff as a result of Defendant's violations of the FLSA, 29 U.S.C. §§ 207 *et seq.*, and award those damages against the Defendant in favor of Plaintiff, including liquidated damages and prejudgment interest.

II. Determine the damages sustained by Plaintiff as a result of Defendant's violation of M.G.L. c. 151 §§ 1A and 1B, and award those damages against the Defendant and in favor of Plaintiff, including treble damages and prejudgment interest.

III. Determine the damages sustained by Plaintiff as a result of Defendant's violation of M.G.L. c. 149, §148, and award those damages against the Defendant in favor of Plaintiff, including treble damages and prejudgment interest.

IV. Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses.

V. Any other or further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE**.

GEORGE TRICKEL
By his Attorney,

/s/ Corinne Hood Greene
Corinne Hood Greene, Esq, (BBO #654311)
Greene & Hafer
529 Main St., Ste. 124
Charlestown, MA 02129
Ph. 617-396-4600
cgreene@greeneandhafer.com